{¶ 14} I concur in the judgment and opinion. I write separately to point out an additional reason that Lytle's counsel may have reasonably chosen not to assert the affirmative defense of self defense.
 {¶ 15} Self defense is not available to a defendant that uses excessive force. See, e.g., State v. Maine, Washington App. No. 04CA46,2005-Ohio-3742. *Page 9 
Here, Lytle used so much force that he bit off part of the victim's nose.
 {¶ 16} Thus, I concur that Lytle failed to show that his trial counsel was ineffective. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
 Kline, J.: Concurs in Judgment and Opinion with Concurring Opinion. *Page 1